# Seamans v. Blankenship, *et al.*

### Ejectment.

(Decided November 30, 1916.   73 South. 469.)

1. **Evidence; Record of Deeds.**—Under § 3374, as amended by Acts 1909, page 14, it was not error to admit the record of the deed where one grantee was dead, the other grantee was out of the state and the defendant, who was landlord of the other defendant, testified that the deed had never been in his possession.

2. **Ejectment; Right to Recover.**—Where the plaintiff claimed under devises, but a deed by the testator to other parties was proven, this foreclosed plaintiff's right of recovery and rendered it unnecessary to pass upon alleged errors on the trial.

3. **Wills; Revocation; Disposition of Property.**—A proper deed from a testator while living conveying the property devised to parties other than the devisee foreclosed plaintiff's right to recover, where plaintiff claimed title through such devisee.

APPEAL from Lawrence Circuit Court.

Heard before Hon. ROBERT C. BRICKELL.

Ejectment by Laura Seamans against Andrew Blankenship and others.

Judgment for the defendants and the plaintiff appeals. Affirmed.

D. C. ALMON and TENNIS TIDWELL, for appellants.   W. T. LOWE and J. M. IRWIN, for appellee.

MAYFIELD, J.—The action is a statutory one in the nature of ejectment.   The result of the trial was a verdict and judgment for the defendants, and the plaintiff appeals.

Plaintiff claims title through the will of one Reason Young, not directly, but by descent from a devisee of the will.   On the trial the court, over plaintiff's objection, allowed the defendants to introduce the record of a deed by the testator conveying the land in question to one other than the devisee, and also the record of another deed from the first grantee to a trustee, and likewise the records of the chancery court of a proceeding by the beneficiaries under the latter deed to remove the trustee, and to appoint another to enforce the trust thus created.

If the first deed by the testator was valid, it passed the title out of him, and, of course, no title passed by the bill to plaintiff's

intestate. In other words, so far as appears from this record, the plaintiff could not recover in this action if the first deed was valid, and this deed, or the record thereof, was properly admitted in evidence. The deed purports to have been properly executed on the 5th day of September, 1883; but it was not filed for record until the 15th day of March, 1895, which was after the death of the testator.

(1) The only ground of objection offered or argued to the introduction of the record of this deed was that the absence of the original was not accounted for. One of the defendants testified that the deed was not in his possession, and had never been in his possession, and he was. the landlord of the other defendant. It also appears that the defendants were not parties to either of the deeds. It was shown that the grantee in one of the deeds was dead, and that the grantee in the other was without the jurisdiction of the state when last heard from.

We are not willing to put the trial court in error as to any of these rulings. The statute (Acts 1909, p. 14) amending section 3374 of the Code, provides, among other things, that: "If it appears to the court that the original conveyance has been lost or destroyed, or that the party offering a transcript had not the custody or control thereof, the court must receive the transcript, duly certified [in evidence], in the place of the original."

We hold that the last condition was reasonably shown to the trial court, or at least, we are not willing to hold that it was not shown to the trial court that the parties offering the transcript had not the custody or control of the original.

(2, 3) It is unnecessary to rule on the admissibility of the chancery record, because, if the introduction thereof was error, it was without possible injury to plaintiff, provided the deeds were valid and properly admitted in evidence. Those deeds, without going further, precluded any possible right of the plaintiff to recover through the will, the sole source of all plaintiff's claims in this suit. The defendants need not have done more than introduce the deeds and rest, there being no claim of prior possession on the part of the plaintiff, nor that defendants were mere trespassers.

We find no error, and the judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.